UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
IN ASHLAND

**JACKIE R. TODD, III**                                                                      **PLAINTIFF**


v.                                                            **CIVIL ACTION NO. 0:18-cv-00126-HRW**


**TROOPER TIM DUVALL, et al.**                                                **DEFENDANTS**

---

### MOTION TO DISMISS & MEMORANDUM IN SUPPORT THEREOF

Come the Defendants, Trooper Duvall, in his official capacity as a Kentucky State Police Trooper, and Commissioner Sanders, in his official and individual capacities, by counsel, pursuant to FRCP 12(b)(1) and (b)(6), and move the Court to dismiss the official capacity claims because the Court lacks subject matter jurisdiction due to Eleventh Amendment and sovereign immunity. In addition, Plaintiff's claims of violation of federal constitutional rights, negligence, gross negligence, negligent supervision, and abuse of process are barred by the statute of limitations; the Fifth and Fourteenth Amendments do not apply; and Plaintiff's respondeat superior and vicarious liability claims should be dismissed because they fail to state a claim. Moreover, Plaintiff cannot bring both malicious prosecution and negligence claims under the law, and therefore Plaintiff's negligence and gross negligence claims should be dismissed. In support of this motion, Trooper Duvall and Commissioner Sanders state as follows:

## A. BACKGROUND

This is a 42 U.S.C. § 1983 civil rights case against Trooper Duvall, in his official capacity, and Commissioner Sanders, in his official and individual capacities. The Plaintiff claims that Trooper Duvall violated his civil rights on September 28, 2016, when, following an investigation, Trooper Duvall arrested Plaintiff for multiple counts of Sexual Abuse, First Degree; Sodomy, First Degree; Incest–Forcible Compulsion; and Rape, First Degree.  (DN 1, Plaintiff's Complaint).  The Plaintiff claims violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and also asserts claims of malicious prosecution under federal and state law as well as state law claims of abuse of process, and negligence, gross negligence, and negligent supervision. (DN 1).

## B. STANDARD

Dismissal is proper under Federal Rule of Civil Procedure 12(b) when, after resolving all doubts and inferences in favor of the non-moving party, it is evident that no relief may be granted consistent with the allegations in the complaint. *Miller v. Currie*, 50 F.3d. 373 (6th Cir. 1995); *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Blackburn v. Fisk University*, 443 F.2d. 121 (6th Cir. 1971). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Mezibov v. Allen*, 411 F.3d. 712 (6th Cir. 2005). When evaluating a motion to dismiss under FRCP 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Applying the above standards to the present case, Plaintiff's Complaint fails to state a claim upon which relief may be granted or for which the Court has subject matter jurisdiction due to immunity. The claims are also barred by the statute of limitations.

### C. ARGUMENT

I. The Plaintiff's Claims of Violation of Federal Constitutional Rights, Negligence, Gross Negligence, Negligent Supervision, and Abuse of Process Are Barred by the Statute of Limitations.

Plaintiff was arrested on September 28, 2016, in Boyd County. (DN 1 at 4, ¶17). According to Plaintiff's Complaint, Trooper Duvall filed a Complaint in Greenup County charging Plaintiff with multiple counts of Sexual Abuse, First Degree; Sodomy, First Degree; Incest–Forcible Compulsion; and Rape, First Degree on October 4, 2016, and testified before the Greenup District Court on October 19, 2016.  (DN 1 at 5, ¶19, 23).  The Plaintiff did not file his Complaint until over two years later, on December 31, 2018. (DN 1 at 4, ¶17).  Violation of federal constitutional rights, abuse of process, negligence, gross negligence, and negligent supervision claims have a one-year statute of limitations. Thus, these claims must be dismissed as barred by the statute of limitations.

The first claim, Count I, is an alleged violation of federal constitutional rights, specifically unlawful detention, a cause of action under 42 U.S.C. §1983. Kentucky and federal law is well established that these types of claims must be filed within one year of

3

the alleged constitutional violation. *Million v. Raymer*, 139 S.W.3d 914 (Ky. 2004); *Collard v. Ky. Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Plaintiff's unlawful detention claim is based on being arrested on September 28, 2016, so the Plaintiff's claim accrued on this day, when he knew or should have known of the alleged injury that forms the basis of his claims. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (where federal §1983 claims and state law claims of false arrest, assault, and battery accrued on day of arrest).

Plaintiff also "seeks damages for negligence, gross negligence, negligent supervision, and malicious prosecution." (DN 1 at 2-3, ¶6). Of these claims, the state law claims of negligence, gross negligence, and negligent supervision are also barred by a one-year statute of limitations. *Mulaosmanovic v. Warren Co.*, Ky., No. 1:17-cv-00169-GNS, 2018 WL 1309992 (W.D. Ky.); *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286 (Ky. App. 1998) (where negligent hiring and training claims are subject to the one-year limitations period contained in KRS 413.140(1)). Plaintiff's negligence claims also accrued on the date of his arrest, September 28, 2016, since he knew he had been arrested by someone, who Plaintiff alleges demonstrates Commissioner Sander's alleged failure to hire and train qualified personnel. *Mulaosmanovic* at * 2.

The second claim, Count II, of state law abuse of process, is also time-barred. Abuse of process claims are subject to the one-year limitations period. *Conley v. Frye*, No. 17-cv-44-HRW, 2018 WL 771523, at *2 (E.D. Ky. Feb. 7, 2018) (citing *Dickerson v. City of Hickman*, No. 5:08-cv-P53-R, 2010 WL 816684 at *5 (W.D. Ky. March 4, 2010)). An

abuse of process claim accrues from the termination of the act that is the abuse of process:

> Unlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary, ordinarily, to establish that the action in which the process issued has terminated unsuccessfully. For this reason, a cause of action for abuse of process has been generally held to accrue ... from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued.

*Conley*, 2018 WL 771523 at *2

Here, the "acts which constitute the abuse complained of" by Plaintiff are: (1) the arrest by Trooper Duvall on September 28, 2016; and (2) the swearing out of the Complaint and warrant against Plaintiff on October 4, 2016. (DN 1 at 4, ¶17; DN 1 at 5, ¶18-19; DN 1 at 6, ¶28). These acts were completed more than one year prior to the filing of this lawsuit on December 31, 2018, and therefore this claim is barred by the statute of limitations. *Conley*, 2018 WL 771523 at *2.

Plaintiff's Complaint was not filed until December 31, 2018, which was two years and nearly three months after the acts which form the basis of Plaintiff's claims occurred. Thus, Trooper Duvall and Commissioner Sanders ask that Count I (§1983 Unlawful Detention), the negligence, gross negligence, and negligent supervision claims, and Count II (Abuse of Process) be dismissed as barred by the statute of limitations.

5

II. Eleventh Amendment Immunity and Sovereign Immunity Deprive the Court of Subject Matter Jurisdiction in the Official Capacity Claims.

The Plaintiff is seeking a judgment for money damages against the Commissioner of the Kentucky State Police in his official and individual capacities and a Trooper in his official capacity.  A suit against a Trooper and the Commissioner in their official capacities is a suit against the state, and is barred. Thus, Trooper Duvall and Commissioner Sanders ask the Court to dismiss all federal and state claims seeking monetary damages from them in their official capacities.

   a.  A suit against Trooper Duvall and Commissioner Sanders in their official capacities is a suit against the State.

The Plaintiff has sued Trooper Duvall and Commissioner Sanders in their official capacities. Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law[,]" whereas official-liability suits seek to recover from the government agency itself. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985). "Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165-66; *McMillian v. Monroe County*, 520 U.S. 781, 785 n.2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (where a suit against a governmental employee in his official capacity was the same as a suit against the government agency for which the employee works). This is because a victory in such an official capacity suit imposes liability not on the employee, but on the government agency itself. *Kentucky v. Graham*, 473 U.S. at 166.

Accordingly, under Kentucky law, sovereign immunity extends to employees acting and sued in their official capacities. *Yanero v. Davis*, 65 S.W.3d 510, 521-522 (Ky. 2001); *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007) ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."). As a state agency, the Kentucky State Police are cloaked with governmental immunity, and under Kentucky law, this immunity extends to employees of state agencies when they are sued in their official capacities.

Trooper Duvall and Commissioner Sanders are employed by the Department of Kentucky State Police as a Trooper and the Commissioner, respectively, and are therefore employees of the state. (DN 1 at 2, ¶2; DN 1 at 2, ¶3). Thus, a suit against Trooper Duvall and Commissioner Sanders in their "official capacities" is the equivalent of suing the Commonwealth of Kentucky.  The Eleventh Amendment bars such federal claims and sovereign immunity bars any such state claims.

    b.  <u>Eleventh Amendment immunity bars these claims.</u>

State entities possess Eleventh Amendment immunity and, absent a waiver of this immunity, they may not be held liable for damages under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). As an arm of the State, the Kentucky State Police are entitled to sovereign immunity. Likewise, employees of the Kentucky State Police sued in their official capacities are entitled to the same Eleventh Amendment protection from federal claims *Will*, 491 U.S. at 71; *Trent v. Huff*, No. 14-241-DLB, 2015 WL 4875330 at *1-2 (dismissing official capacity claims

against Kentucky State Police and officer due to immunity). The Commonwealth of Kentucky has not waived its sovereign immunity for claims such as those asserted by the Plaintiff and the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 687-88, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009).

The Department of Kentucky State Police is a department within the Justice and Public Safety Cabinet, a program cabinet of the Executive Branch of the Commonwealth of Kentucky, and is therefore a part of the State. KRS 12.020, Section II, subdivision 1(a). A state and its agencies, such as the Department of Kentucky State Police, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124. In enacting 42 U.S.C. §1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991). Thus, there is no waiver of sovereign immunity to allow the Plaintiff's claims here and there is no vicarious liability for § 1983 claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. §1983 such that they are subject to these claims. *Will*, 491 U.S. at 71. Accordingly,

the federal claims seeking monetary damages asserted against Trooper Duvall and Commissioner Sanders in their official capacities must be dismissed.

c.   The Court has authority under its supplemental jurisdiction to dismiss the state law claims, which are barred by state law sovereign immunity.

When a plaintiff pleads violations of the U.S. Constitution and the district court has jurisdiction over the federal claims under 42 U.S.C. §1983, a district court has supplemental jurisdiction to address additional state law claims related to the federal claims. 28 U.S.C. §1367; *Voyticky v. Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005). Thus, this Court has jurisdiction to dispose of the Plaintiff's state law claims.

d.   Kentucky's sovereign immunity bars the Plaintiff's state law claims.

Under Kentucky law, state agencies possess governmental immunity from suit when an action is premised on the agency's performance of a governmental (as opposed to a proprietary) function. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). As the Supreme Court of Kentucky explained in *Yanero*, governmental and sovereign immunity are separate and distinct concepts that have been used interchangeably in a number of Kentucky appellate decisions:

> "'[G]overnmental immunity' is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a government agency." 57 Am.Jur.2d, *Municipal, County, School and State Tort Liability,* § 10 (2001). The principle of governmental immunity from civil liability is partially grounded in the separation of powers doctrine embodied in Sections 27 and 28 of the Constitution of Kentucky. The premise is that courts should not be called upon to pass judgment on policy decisions made by members of coordinate branches of government in the context of tort actions, because such actions furnish an inadequate crucible for testing the merits

> of social, political or economic policy. 63C Am.Jur.2d, *Public Officers and Employees,* § 303 (1997). Put another way, "it is not a tort for government to govern." *Dalehite v. United States,* 346 U.S. 15, 57, 73 S.Ct. 956, 979, 97 L.Ed. 1427 (1953) (Jackson, J., dissenting). Thus, a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function. 72 Am.Jur.2d, *States, Territories and Dependencies,* § 104(1974).

*Yanero*, 65 S.W.3d at 519. This immunity also extends to governmental employees when sued in their official capacities. Because of that, Trooper Duvall and Commissioner Sanders ask the Court to dismiss the state-law official capacity claims since they are barred by sovereign immunity.

1. <u>Sovereign immunity bars suits against state agencies.</u>

According to the doctrine of sovereign immunity, the State and its agencies are immune from suit unless the immunity is waived by the Legislature. Absolute immunity from suit is an inherent right of a sovereign state and "[s]overeign rights are deemed essential to the existence of the state." *Foley Constr. Co. v. Ward*, 375 S.W.2d 392, 393 (Ky. 1964) (superseded by statute to extent of waiving immunity for certain contract claims as stated in *University of Louisville v. Rothstein*, 532 S.W.3d 644 (Ky. 2017)). These rights are essential in order to maintain public funds for public work:

> The reason for exempting a municipality or sovereign from damages for injuries inflicted in the performance of its governmental functions is one of public policy to protect public funds and public property. Taxes are raised for certain specific governmental purposes, and, if they could be diverted to the payment of damage claims, the more important work of government, which every municipality or sovereign must perform, regardless of its other relations,

10

> would be seriously impaired, if not totally destroyed. The
> reason for the exemption is sound and unobjectionable.

*Taylor v. Westerfield*, 233 Ky. 619, 26 S.W.2d 557-558 (1930). This absolute immunity from suit has been recognized in Kentucky "from the beginning of the Commonwealth" and is applied to the <u>state and its agencies</u>. *Foley Constr. Co. v. Ward*, 375 S.W.2d at 393. "'It has been repeatedly decided . . . that, in the absence of a law authorizing it, the state cannot be made a party-defendant . . ., and is not suable in her own courts[.]'" *Foley*, 375 S.W.2d at 393-394 (quoting *Tate v. Salmon*, 79 Ky. 540 (1881)).

Sections 230 and 231 of the Kentucky Constitution are the provisions that allow the Legislature to waive the sovereign immunity of the State. Section 231 of the Kentucky Constitution states that: "[t]he General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." Ky. Const. § 231. Section 231 has been interpreted by the Kentucky Supreme Court to mean that no one can sue the state without its consent. *Holloway Constr. Co. v. Smith*, 683 S.W.2d 248 (Ky. 1984); *Foley*, 375 S.W.2d 392; *Tate v. Salmon*, 79 Ky. 540 (1881); Ky. Const. §§ 230-231; *see also Divine v. Harvie*, 23 Ky. (T.B. Mon.) 439 (1828); *Withers v. University of Kentucky*, 939 S.W.2d 340 (Ky. 1997); *Yanero*, 65 S.W.3d at 524; *Wells v. Commonwealth Department of Highways*, 384 S.W.2d 308 (Ky. 1964) (This protection applies regardless of any form of plea.). Absent a waiver of immunity, a court lacks jurisdiction to impose a judgment against the State or its agencies as defendants. *Tate*, 79 Ky. 540; *Divine*, 23 Ky. 439; *Withers*, 939 S.W.2d 340.

The Kentucky Legislature has not waived the State's sovereign immunity pursuant to Ky. Constit. §231 to authorize actions against the State for the Plaintiff's claims here based on 42 U.S.C. §1983, abuse of process, malicious prosecution, negligence, and respondeat superior. *Cook v. Popplewell*, 394 S.W.3d 323, 338 (Ky. 2001) ("Under [§1983], government bodies are not subject to vicarious liability for the torts of their agents."); *Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001) (state agency is not vicariously liable for negligence of state employees); *Williams v. Ky. Department of Education*, 113 S.W.3d 145, 154-155 (Ky. 2003) (recognizing that only waiver of immunity to allow vicarious liability against Kentucky state agency is Board of Claims Act (then KRS Chapter 44), which limits such claims to claims of negligent performance of ministerial acts brought only before the Board); see cases discussed *infra* pages 14-15. The Kentucky Legislature has authorized negligence actions against the State pursuant to KRS Chapter 49; but those actions are confined to the sole jurisdiction of the Claims Commission (formerly the Board of Claims under KRS Chapter 44) and are barred by a one-year statute of limitations. KRS 49.120(1).[1] Thus, absent a waiver for these claims, the Department of Kentucky State Police as an agency of the State is extended the same immunity from suit, likewise for government employees sued in their official capacities, such as Trooper Duvall and Commissioner Sanders here.

Agencies and cabinets, which are "arm[s] or branch[es] of the central State government[,]"are no different from the State and enjoy the same immunity. *Gnau v.*

---

[1] Waivers have also been recognized for certain contract actions under KRS 45A.245, and for employment discrimination claims under KRS Chapter 344.

*Louisville & Jefferson County Metropolitan Sewer District*, 346 S.W.2d 754, 755 (Ky. 1961); *Calvert Investments, Inc. v. Louisville and Jefferson Co. Metro. Sewer Dist.*, 805 S.W.2d 133, 136-137 (Ky. 1991); *Lisack v. Natural Resources and Envtl. Protection Cabinet*, 840 S.W.2d 835 (Ky. 1992). The "Executive Branch of government delegates many of its responsibilities to its cabinets" and agencies. *Yanero*, 65 S.W.3d at 527. These cabinets and agencies "are under the direction and control of the central State government and are supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury." *Gnau*, 346 S.W.2d at 755; *Withers v. University of Kentucky*, 939 S.W.2d 340, 342 (Ky. 1997). "'The paramount object of the[ ] existence [of governmental agencies] is governmental. They are subordinate political divisions and parts of the sovereignty of the state itself.'" *Commonwealth v. Kelley*, 314 Ky. 581, 584, 236 S.W.2d 695, 696 (1951) (quoting *Kentucky State Park Commission v. Wilder*, 260 Ky. 190, 84 S.W.2d 38, 39 (1935)).

> 2. <u>The Department of Kentucky State Police is a state agency entitled to sovereign immunity.</u>

The organization of the Executive Branch of Kentucky's State government is codified in KRS 12.020. The Department of Kentucky State Police is identified as a department of the Executive Branch in Section II, subdivision 1(a) of KRS 12.020. It is charged with statewide criminal law enforcement and submits its budget requests to the Kentucky General Assembly for payment from the State Treasury. KRS 16.060; KRS 16.050(1). The functions performed by the State Police have been determined by the Supreme Court of Kentucky to be traditional and necessary state functions; thus,

sovereign immunity has been extended to the Kentucky State Police in both state and federal courts. *Coppage Construction Co., Inc. v. Sanitation District No. 1*, 459 S.W.3d 855, 864 (Ky. 2015) ("Sewage disposal and storm water management systems are not traditional and necessary state function such as those functions performed by the state police[.]").

In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), an official capacity §1983 claim was brought against the Commissioner of the Kentucky State Police. The Supreme Court of the United States reversed the award of fees and costs against the Kentucky State Police and recognized it as a government entity immune from suit, and therefore damages, under the Eleventh Amendment.

In *Gaither v. Justice & Public Safety Cabinet*, 447 S.W.3d 628 (Ky. 2014), the Supreme Court of Kentucky reviewed a Board of Claims case against the Kentucky State Police, noted that the Board of Claims Act was a limited waiver of the State's sovereign immunity, but otherwise, "[t]he Commonwealth of Kentucky and its agencies, including the Kentucky State Police, are insulated against liability claims by sovereign immunity[.]" *Id.* at 633.

In *Allen v. Booth*, No. 08-135-ART, 2008 WL 4829875 (E.D. Ky.), the U.S. District Court for the Eastern District of Kentucky found that "the Kentucky State Police is an arm of the state and a judgment against it would be funded from the state treasury." *Id.* at *2. On this basis, the Court held that the Kentucky State Police were immune from liability for §1983 claims and claims of failure to train or supervise by virtue of Eleventh Amendment and sovereign immunity. Since this immunity also extended to state

employees sued in their official capacities, the Court dismissed all official capacity claims against the retired Trooper. *Id.*

Likewise, in *Baughman v. Brooks*, No. 5:15-cv-29-JMH, 2015 WL 3916150 (E.D. Ky.), the U.S. District Court for the Eastern District of Kentucky dismissed §1983 and state-law claims, including assault and battery, filed against a Trooper in his official capacity because "the Kentucky State Police is an alter ego of the state" and "is tasked with enforcement of the law, a governmental function, and is thus entitled to immunity." *Id.* at *2. Since this immunity extended to official-capacity suits, the official capacity claims were dismissed. *Id.*

Relying in part on *Baughman*, the U.S. District Court for the Western District of Kentucky found the Kentucky State Police were immune from suit for §1983 and state-law claims arising out of a search of real estate for evidence of burial grounds and dismissed the claims. *Herran Properties, LLC v. Lyon County Fiscal Court*, No. 5:17-cv-00107-TBR, 2018 WL 2210673 (W.D. Ky.).

All applicable authority indicates that the Department of Kentucky State Police is a part of central State government, performs a governmental function, and is controlled, directed, and funded by central State government. The Department of Kentucky State Police is an entity of state government and claims against it or its Troopers or Commissioner in their official capacities are claims against the Commonwealth. There is no waiver of immunity here and the relief sought is damages; therefore, no exception applies. All official capacity claims are barred by Eleventh Amendment immunity and sovereign immunity, and must be dismissed as a matter of law.

15

III. Plaintiff's Allegations of Supervisory Liability Against Commissioner Sanders Fail to State a Claim.

To survive a motion to dismiss under Fed.R.Civ.P 12(b)6, "[t]he plaintiff's complaint [] 'must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citing *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007)). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Further, the claims "require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action [.]" *Id.* at 247 (quoting *Twombly,* 550 U.S. at 555).

None of the allegations against Commissioner Sanders meet this standard.  In this case, the statements in the Complaint alleged regarding Commissioner Sanders lack a nexus between the Commissioner and this specific incident.  The only specific factual allegations regarding Commissioner Sanders in the Complaint is as follows:

> The Defendant, Richard W. Sanders, was at all times relevant the Commissioner with the Kentucky State Police, acting under the color of state law, and acting within the

scope of his employment with the Kentucky State Police.
(DN 1 at 2, ¶3).

Thereafter, the Plaintiff employs generic language regarding "The Defendants" without specifying Commissioner Sanders' role.   These allegations amount to labels and conclusions that cannot defeat a motion to dismiss alone.  *Iqbal*, 556 U.S. at 679.

Moreover, Plaintiff has failed to provide factual allegations that would allow the Court to make reasonable inference that the Commissioner "either encouraged the specific incident of [alleged] misconduct or in some other way directly participated in it."  *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016).  In order to make out a claim under § 1983, a plaintiff must allege direct involvement in constitutional deprivations, as a defendant cannot be held liable on a respondeat superior theory under § 1983. *Baughman v. Brooks*, No. 5:15-CV-29-JMH, 2015 WL 3916150 at *2–3 (E.D. Ky. June 25, 2015) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). In claims asserting liability based on a defendant's supervisory role, the plaintiff's complaint must do more than conclude that the supervisor failed to supervise:

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

Nowhere in the Complaint here is it alleged that Commissioners Sanders was present or participated in the investigation or arrest of Plaintiff.   The Complaint

includes no facts or allegations from which the Court could draw an inference that Commissioner Sanders "implicitly authorized, approved or knowingly acquiesced" to the actions by Trooper Duvall. The allegation that Commissioner Sanders was Trooper Duvall's supervisor is not enough. *Bellamy*, 729 F.2d at 421.

And as far as state claims, there is no vicarious liability.  Under Kentucky law, claims against public officials cannot be premised upon vicarious liability of a subordinate. *Board of Trustees of the University of Kentucky v. Hayes*, 782 S.W.2d 609, 615 (Ky. 1990), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) ("Officials have no vicarious liability for acts of subordinates in which they are not directly involved[.]"); *Yanero*, 65 S.W.3d at 527-528 (holding public officers are responsible only for their own misfeasance). As such, Plaintiff's state law claims of abuse of process, malicious prosecution, negligence and gross negligence must be premised upon a direct (as opposed to a vicarious/respondeat superior) theory of liability.

Plaintiff has failed to allege that Commissioner Sanders was directly involved in any of the claims set forth in his Complaint. As such, the Plaintiff's claims against Commissioner Sanders must be dismissed.

### IV. Plaintiff's Negligence and Gross Negligence Claims Should Be Dismissed as a Matter of Law.

Plaintiff seeks damages for negligence, gross negligence and malicious prosecution. (DN 1 at 2-3, ¶6). However, because the arrest and subsequent prosecution are the basis for all of these claims, one of which is a malicious prosecution claim,

Plaintiff is barred from making claims of negligence and gross negligence.

When negligence claims are based on the same conduct upon which Plaintiff's claims of malicious prosecution are premised, the negligence claims must be dismissed:

> A [ ]plaintiff cannot proceed with a claim for negligence where the claim is really a malicious prosecution claim. *Tunne v. Paducah Police Dep't*, No. 5:08CV-188-R, 2010 WL 323547, *11 n.4 (W.D. Ky. Jan. 21, 2010) (citing *Hill v. Willmott*, 561 S.W.2d 331, 334 (Ky. Ct. App. 1978)). The same reasoning applies to a negligence claim based on false arrest. See *Lewis v. Laurel Cnty. Sheriff's Dep't*, No. 09-280-GFVT, 2011 WL 3475370, *6 (E.D. Ky. Aug. 8, 2011). Otherwise a plaintiff would "avoid the higher standards" associated with those claims. *Tunne*, 2010 WL 323547, at *11 n.4. Likewise, a plaintiff's gross negligence claim cannot succeed if it is truly a false arrest or malicious prosecution claim. *See Lewis*, 2011 WL 3475370, at *6. Because Jones' negligence and gross negligence claims are based "on the same conduct discussed in relation to [his] claims of false arrest and malicious prosecution," the claims fail to withstand a motion to dismiss. *See id.*

*Jones v. Clark Cty.*, No. 5:15-cv-337-DCR, 2016 WL 4146119, at *9 (E.D. Ky. Aug. 3, 2016), *rev'd and remanded on other grounds*, 690 F. App'x 334 (6th Cir. 2017).

On a final note and aside from statute of limitations and immunity, the Plaintiff asserts violations of his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. (DN 1 at 7, Plaintiff's Complaint at ¶37). These claims are inapplicable as a matter of law and should be dismissed. Also, the Fourth Amendment, not the Fifth or Fourteenth, is the proper vehicle to "define the 'process that is due' for seizures of persons in criminal cases," as the Fourth Amendment was "tailored explicitly" for the criminal justice area. *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 313 (6th Cir. 2005);

*Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (where arrestee's §1983 claim was dismissed because arrest without probable cause did not constitute violation of Fourteenth Amendment due process); *Kustes v. Lexington-Fayette Urban Co. Government*, No. 5:12-cv-323-KKC, 2013 WL 4776343 at *2 (E.D. Ky.) (dismissing Fifth and Fourteenth Amendment claims for pretrial deprivation of liberty).

### D. CONCLUSION

For all the foregoing reasons, all claims against Trooper Duvall in his official capacity as a Kentucky State Police Trooper and Commissioner Sanders in his official and individual capacities should be dismissed with prejudice.

Respectfully Submitted,

/s/ *Aaron Ann Cole*
Aaron Ann Cole
Kentucky State Police
919 Versailles Road
Frankfort, Kentucky 40601
(502) 782-2199
Aaron Ann.Cole@ky.gov
*Counsel for Defendants Trooper Tim Duvall in his official capacity as a Kentucky State Police Trooper and Commissioner Richard W. Sanders*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

I further certify that a true and correct copy of the foregoing was served on said date by first class U.S. mail, prepaid postage on:

Tim Duvall
Boyd County Sheriffs Department
2900 Louisa Street, Suite 1
Catlettsburg, KY 41129

Sheriff Bobby Jack Woods
2900 Louisa Street, Suite 1
Catlettsburg, KY 41129

<u>/s/ *Aaron Ann Cole*</u>
Aaron Ann Cole