Eastern District of Kentucky
FILED
JUN 03 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTYRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action NO. 18-126-HRW

JACKE R. TODD, III, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

TIM DUVALL, *Individually*
*and in his Official Capacity as*
*Kentucky State Police Trooper*
*and Boyd County Sheriff,*
RICHARD W. SANDERS, *Individually*
*and in his Official Capacity as*
*Kentucky State Police Commissioner,*
BOBBY JACK WOODS, *Individually*
*and in his Official Capacity as*
*Sheriff with Boyd County Sheriff's Department,* DEFENDANTS.

This matter is before the Court upon the Defendants' Motions to Dismiss [Docket Nos. 7 and 13]. For the reasons stated herein, the Court will sustain the motions.

**I.**

This case arises from the September 28, 2016 arrest of Plaintiff Jackie R. Todd, III. As alleged in the Complaint, on September 22, 2016 Kentucky State Police Trooper interviewed Plaintiff's fifteen-year-old half-sister with regard to allegations that she had been raped by Plaintiff. [Complaint, Docket No. 1, ¶ 14]. Trooper Duvall filed a criminal complaint, Boyd County Case No.16-F00337, charging Plaintiff with Sexual Abuse in the First Degree, Sodomy in the First Degree, Incest and Rape in the First Degree. *Id.,* ¶¶14, 15 and 18.

Trooper Duvall arrested Plaintiff two days later and he was held at the Boyd County Detention Center until October 5, 2016. *Id.*, ¶ 18.

According to the Complaint, the acts forming the basis for Plaintiff's arrest did not occur in Boyd County and the case was dismissed by the Boyd County Attorney on October 5, 2016. *Id.*

Subsequently, Duvall filed the same charges in a criminal complaint in Greenup County. *Id.*, ¶ 19. At an October 19, 2016 preliminary hearing in the Greenup District Court, Duvall testified "that the alleged victim was totally inconsistent with her story." (*Id.* at ¶ 23).

After the hearing, a Greenup County Grand Jury which returned an indictment against Todd in Greenup County Case No. 16-CR-00248.

In July 2017, Tim Duvall left his employment with the Kentucky State Police for a position as a Boyd County Deputy Sheriff.

After a one-day jury trial on January 29, 2018, during which Duvall testified about his 2016 investigation as a KSP Trooper, the jury acquitted Todd on all counts. (*Id.* at ¶ 26, 34)

On December 31, 2018, Todd filed this civil action against: (1) Tim Duvall, individually and in his official capacities as both a Kentucky State Police Trooper and a Deputy Sheriff for the Boyd County Sheriff's Department; (2) Richard Sanders, individually and in his official capacity as the Kentucky State Police Commissioner; and, (3) Bobby Jack Woods, individually and in his official capacity as Boyd County Sheriff. Todd alleges unlawful detention (Count I) and abuse of process (Count II0 and malicious prosecution (Count III) against the Defendants collectively. Finally, Todd seeks damages "for negligence, gross negligence, [and] negligent supervision . . ." based upon a theory of *respondeat superior*. *Id.*, ¶ 6.

Defendants seek dismissal of the claims alleged them in their official capacities as well the claims alleged against Sanders and Woods in their individual capacities. Defendants also argue

that that the claims set forth in Counts I and II, as well the claims of negligence, are barred by the statutes of limitations.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997). Further, although a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Therefore, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The concept of "plausibility" indicates that a complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility element is satisfied "when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conversely, where the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

## III.

Defendants' first argument in support of their dispositive motions is that Plaintiff's claims for unlawful detention, abuse of process and negligence are barred by the applicable statutes of limitations. The Court agrees.

This lawsuit was filed on December 31, 2018. Unlawful detention, abuse of process, and negligence have a one-year statute of limitations. *See generally, Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001), *Conley v. Frye*, No. 17-cv-44-HRW, 2018 WL 771523, at *2 (E.D. Ky. Feb. 7, 2018) (citing *Dickerson v. City of Hickman*, No. 5:08-cv-P53-R, 2010 WL 816684 at *5 (W.D. Ky. March 4, 2010)), *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286 (Ky. App. 1998). The operative date is the date of Plaintiff's arrest – September 28, 2016. This lawsuit was filed well after the period of limitations expired with regard to these claims. As such, these claims are untimely and will be dismissed.

In his responses to Defendants' motions, Plaintiff goes to great lengths to argue that his claim for malicious prosecution is not time barred. He is correct. Indeed, Defendants make no such argument.

Plaintiff then argues that his claim for abuse of process is also timely but fails to cite authority which supports his argument. With regard to abuse of process, the "acts which constitute the abuse complained of" by Plaintiff are: (1) the arrest by Trooper Duvall on September 28, 2016; and (2) the swearing out of the Complaint and warrant against Plaintiff on October 4, 2016. (Docket No. 1 at 4, ¶¶17-19. These acts were completed more than one year prior to the filing of this lawsuit

4

on December 31, 2018, and therefore this claim is barred by the statute of limitations. *Conley*, 2018 WL 771523 at *2.

Given that this lawsuit was filed over two years after the acts which form the basis of Plaintiff's claims for unlawful detention, abuse of process and negligence, those claims will be dismissed.

**IV.**

Defendants argue that the Eleventh Amendment and sovereign immunity shield them from the claims asserted against them in official capacities.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. And "[a]lthough by its terms the Amendment applies only to suits against a State by citizens of another State, ... [courts] have extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted). As the Supreme Court has explained, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Id.* (citations omitted). Likewise, it is "well settled that the Eleventh Amendment bars federal court actions against the agencies and departments of the state, as well as the state itself." *Scott v. Michigan*, 173 F. Supp. 2d 708, 713 (E.D. Mich. 2001) (internal quotation marks and citations omitted).

Relatedly, the Amendment bars "claims brought against state employees in their official capacity because 'a suit against a state officer in his or her official capacity is tantamount to a suit against the state itself.'" *Id.* (quoting *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001) ). "This jurisdictional bar applies regardless of the nature of the relief sought."

5

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ).

"There are three exceptions to a State's sovereign immunity," which are: "(a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young*, 209 U.S. 123 (1908), applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) ).

In the first instance, it appears that Kentucky State Police Defendants, in their official capacities, have not consented to being sued. Second, there have been no allegations made that Congress has in any way abrogated any sovereign immunity that may apply here. Nor has it been argued that the *Ex parte Young* exception applies. Thus, Defendants are entitled to sovereign immunity. *Accord, Baughman v. Brooks*, No. 5:15-cv-29, 2015 WL 3916150, at *2 (E.D. Ky. Jun. 25, 2015) (dismissing all federal claims against KSP after holding that KSP was entitled to the protections afforded by the Eleventh Amendment).

There is the additional question of Plaintiff's allegation that Kentucky State Police failed to adequately supervise Duvall. [Docket No. 1, ¶ 6]. *Baughman* provides guidance on the question of any common law claim Plaintiff may have stated against KSP:

> The Kentucky State Police are also entitled to immunity on Plaintiff's state law claims. Under Kentucky law, '[a] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental as opposed to a proprietary function.' *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (noting that governmental immunity and sovereign immunity are used interchangeably by Kentucky courts). The Kentucky State Police is tasked with enforcement of the law, a governmental function, and is, thus, entitled to immunity. *See Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 633 (Ky. 2014); *see also Allen v. Booth*, No. CIV.A. 08-135, 2008 WL 4829875, at *2 (E.D. Ky. Nov. 5,

2008).

*Baughman*, 2015 WL 3916150, at *2. Thus, to the extent that Plaintiff has made a claim for failure to supervise under Kentucky common law, this claim, too, must be dismissed on the basis of sovereign immunity.

There is no question that the Kentucky State Police is a part of central State government, performs a governmental function, and is controlled, directed, and funded by central State government. The Kentucky State Police is an entity of state government and claims against it or its Troopers or Commissioner in their official capacities are claims against the Commonwealth. There is no waiver of immunity here and the relief sought is damages; therefore, no exception applies.

Likewise, counties in Kentucky are entitled to sovereign immunity from tort liability. *Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 94-95 (Ky. 2009) ("Counties, which predate the existence of the state and are considered direct political subdivisions of it, enjoy the same immunity as the state itself."); *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003) And, it is well-settled that a government official sued in his official capacity is entitled to the same immunity as the government he or she serves. *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001) ("Official immunity can be absolute, as when an officer or employee of the state is sued in his/her representative capacity, in which event his/her actions are included under the umbrella of sovereign immunity."). Moreover, it is well-settled that a government official sued in his official capacity is entitled to the same immunity as the government he or she serves. *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001) ("Official immunity can be absolute, as when an officer or employee of the state is sued in his/her representative capacity, in which event his/her actions are included under the umbrella of sovereign

immunity."); *Jerauld v. Kroger*, 353 S.W.3d 636 (Ky. App. 2009) (same). Deputy Duvall and Sheriff Woods are employed by the Boyd County Sheriff's Department and are thus entitled to the same immunity as Boyd County.

Interestingly, Plaintiff asserts no meaningful response in opposition to Defendants' argument that the claims alleged against them in their official capacities be dismissed. Plaintiff appears to confuse sovereign immunity with qualified immunity, the latter which applies to claims alleged against a state actor in his or her **individual capacity**.

All official capacity claims are barred by Eleventh Amendment immunity and sovereign immunity and must be dismissed as a matter of law.

V.

Defendants Sanders and Woods seek dismissal of the claims asserted against them in their individual capacities because Plaintiff makes no allegations against them which state a viable claim. Throughout the Complaint, Plaintiff asserts conduct on behalf of "the Defendants" without specifying Sanders' or Woods' role, if any. The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory" as to Woods and Sanders. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). It does not.

With regard to Defendant Woods, Plaintiff appears to allege that he was negligent because he hired Duvall. Yet there are no facts alleged which would support a claim for negligent hiring or any facts alleged that Woods was involved in the arrest and prosecution of Plaintiff. Simply put, Woods was not involved and thus should be dismissed from this action.

As for Sanders, nowhere in the Complaint here is it alleged that he was present or participated in the investigation or arrest of Plaintiff. Indeed, the only specific factual allegations

8

regarding Commissioner Sanders in the Complaint is as follows:

> The Defendant, Richard W. Sanders, was at all times relevant the Commissioner with the Kentucky State Police, acting under the color of state law, and acting within the scope of his employment with the Kentucky State Police.

[Docket No. 1, ¶3].

It appears that Sanders' presence in this lawsuit is solely by virtue of his position as Commissioner of Kentucky State Police when Duvall arrested Plaintiff. In claims asserting liability based on a defendant's supervisory role, the plaintiff's complaint must do more than conclude that the supervisor failed to supervise. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unlawful conduct of the offending subordinate. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

Plaintiff has failed to provide factual allegations that would allow the Court to make reasonable inference that the Sanders either encouraged the specific misconduct or in some other way directly participated in it. As such, the claims against him in his individual capacity will be dismissed.

## VI.

Plaintiff casts too wide a net in his Complaint. The crux of this lawsuit is the alleged malicious prosecution of Plaintiff and Duvall's involvement in the same. That claim will proceed. Whether it survives summary judgment, or a jury is not for the undersigned to predict.

Accordingly, **IT IS HEREBY ORDERED**:

1) Defendants' Motions to Dismiss [Docket Nos. 7 and 13] be **SUSTAINED**;

2) Counts 1 and II of the Complaint, as well as all claims of negligence, be **DISMISSED WITH PREJUDICE**;

3) All claims asserted against Defendants in their official capacities be **DISMISSED WITH PREJUDICE**;

4) Claims against Defendant Bobby Jack Woods in his individual capacity be **DISMISSED WITH PREJUDICE**; and

5) Claims against Defendant Richard W. Sanders in his individual capacity be **DISMISSED WITH PREJUDICE.**

This is an **INTERLOCUTIORY** and **NON-APPEALABLE ORDER**.

This 3 day of June 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge